IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARVIN DEAN GOODSON | § | |
| | § | CIVIL ACTION NO. 6:05cv230 |
| CITY OF LONGVIEW, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Marvin Goodson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Goodson complains that he received ineffective assistance of counsel in a state criminal prosecution and that his pre-trial proceedings were handled improperly. As the Magistrate Judge correctly stated, these claims sound in habeas corpus and are premature. Heck v. Humphrey, 114 S.Ct. 2364 (1994).

However, the Magistrate Judge observed that Goodson's lawsuit has another flaw as well. Court records show that Goodson has filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted by a federal district court or by the Fifth Circuit Court of Appeals. *See* Goodson v. Cerliano, civil action no. 6:04cv458 (E.D.Tex., dismissed as frivolous April 27, 2005, no appeal taken); Goodson v. Cerliano, et al., civil action no. 6:04cv471 (E.D.Tex., dismissed as frivolous January 7, 2005, no appeal taken); Goodson v. Browne, et al., civil action no. 6:05cv4 (E.D.Tex., dismissed as frivolous April 29, 2005,

no appeal taken); Goodson v. Byrd, et al., civil action no. 6:05cv41 (E.D.Tex., dismissed as frivolous March 29, 2005, no appeal taken).

Consequently, the Magistrate Judge issued a Report on June 28, 2005, recommending that Goodson's lawsuit be dismissed pursuant to 28 U.S.C. §1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, the Magistrate Judge observed that Goodson has had at least three previous lawsuits dismissed as frivolous, and so comes under the Act. He did not pay the filing fee of $250.00 and made no showing that he is in imminent danger of serious physical injury. Consequently, the Magistrate Judge recommended that the lawsuit be dismissed with prejudice as to the filing of another *in forma pauperis* complaint, but without prejudice as to the refiling of the lawsuit without seeking *in forma pauperis* status. A copy of the Magistrate Judge's Report was sent to Goodson at his ;ast known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has examined the Plaintiff's pleadings, the Report of the Magistrate Judge, and all documents and records in the case. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein

presented, but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the $250.00 filing fee. As the Magistrate Judge noted, before Goodson can file a civil rights lawsuit challenging the legality of his confinement, he must show that this confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254. It is further

ORDERED that should Goodson pay the full filing fee within 15 days of the entry of final judgment in this case, he shall be allowed to proceed as through the full fee had been paid from the outset; however, payment of this fee will not in itself satisfy the above requirement. It is further

ORDERED that the dismissal of this lawsuit shall have no effect upon Goodson's right to challenge the legality of his confinement through any lawful means, including but not limited to state or federal applications for the writ of habeas corpus. Finally, it is

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

**SIGNED this 15th day of September, 2005.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE